## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**STRIKE 3 HOLDINGS, LLC, a limited
liability company,**

  **Plaintiff,**

**v.**          **Case No. 8:22-cv-2346-TPB-AAS**

**JOHN DOE, subscriber assigned
IP address 96.58.200.188, an individual,**

  **Defendant.**

_____/

### <u>ORDER</u>

In this copyright infringement case, Plaintiff Strike 3 Holdings, LLC
(Strike 3) alleges John Doe (Doe), an unnamed defendant, unlawfully
reproduced and distributed Strike 3's copyrighted adult films. (Doc. 1). Strike
3 moves for leave to serve a third-party subpoena on Doe's Internet Service
Provider (ISP), Charter Communications, Inc./Spectrum, to learn Doe's
identity prior to a Rule 26(f) conference. (Doc. 11).

Under Rule 26(f), parties must confer as soon as practicable before a
scheduling conference is held or a scheduling order is due. Fed. R. Civ. P.
26(f)(1). Typically, a party may not seek discovery from any source before the
parties have conferred as required by Rule 26(f), unless authorized by court
order. Fed. R. Civ. P. 26(d)(1). A court may authorize early discovery for the

1

convenience of the parties or witnesses and in the interests of justice. Fed. R. Civ. P. 26(d)(2). "Courts who have dealt with [motions for early discovery] generally consider whether a plaintiff has shown 'good cause' for the early discovery." *Nu Image, Inc. v. Does 1-3*, 932, No. 11-cv-545-FtM-29SPC, 2012 WL 1623862, at * 2 (M.D. Fla. May 9, 2012) (citation and quotations omitted); *Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, No. 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008). "In cases involving infringement via the internet, courts often evaluate good cause by considering factors such as the concreteness of the plaintiff's prima facie case of infringement; the specificity of the discovery request; the absence of alternative means to obtain the subpoenaed information; and the need for the subpoenaed information to advance the claim." *Manny Film LLC v. Doe*, No. 15-cv-507-T-36EAJ, 2015 WL 12850566, at *1 (M.D. Fla. May 18, 2015) (citation omitted).

Strike 3 has shown good cause for expedited discovery. First, Strike 3 alleges a concrete prima facie case of infringement. The complaint states that Strike 3 holds copyrights for thirty-three adult films that Doe, using the BitTorrent protocol, copied and distributed without permission or authority. A forensic investigation reasonably confirms that Doe's IP address was being used on the BitTorrent peer-to-peer network to reproduce and distribute Strike

3's copyrighted work. Second, Strike 3 clearly identified the specific information sought through early discovery: Doe's name and address. Strike 3 needs this information for service of process. Finally, Strike 3 has shown it has no way to obtain Doe's identity using his IP address, other than to request Doe's identity from Frontier Communications, Doe's ISP. In similar situations, other courts have concluded there is good cause for limited, early discovery. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 8:15-cv-2314-T-17TBM, 2015 WL 12856086, at *1-2 (M.D. Fla. Nov. 6, 2015) (granting early discovery under nearly identical circumstances); *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-2648(VEC), 2019 WL 78987, at *3-4 (S.D.N.Y. Jan. 2, 2019) (denying the defendant's motion to quash third party subpoena that the plaintiff served on defendant's ISP to obtain the defendant's name and address).

Accordingly, it is **ORDERED**:

1.     Strike 3's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference (Doc. 11) is **GRANTED.**

2.     Strike 3's may serve Doe's ISP with a Rule 45 subpoena to determine the name and address of the person to whom Frontier Communications assigned the IP address 96.58.200.188. Strike 3 may also serve a Rule 45 subpoena on any other ISP that the response to the initial subpoena may identify.

3.     Strike 3 must attach a copy of the complaint and exhibits and this order to any subpoena.

4.     Any ISP that receives a subpoena under this order must assess no charge to Strike 3 before providing the information requested; however, an ISP may elect to charge a reasonable amount for the costs of production.

5.     Any ISP that receives a subpoena under this order must preserve all subpoenaed information pending the ISP delivering such information to Strike 3 or the final resolution of a motion to quash the subpoena.

6.     Strike 3 may use information disclosed to it in response to a subpoena solely to protect and enforce Strike 3's rights as stated in its complaint.

7.     Once Strike 3 discovers Doe's identity, and at least fourteen days before requesting the Clerk issue a summons for the identified the defendant, Strike 3 must notify the defendant (or counsel, if represented) of Strike 3's intent to name and serve the defendant.

**ORDERED** in Tampa, Florida on October 31, 2022.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge